

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. Gerard Noel, ) ) ) | |
| Petitioner, ) ) | |
| ) | No. 06 C 3156 |
| v. ) ) | The Honorable William J. Hibbler |
| Don Hulick, Warden, ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Gerard Noel seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He bases his petition on errors the state trial court made in admitting evidence during his criminal trial. For the following reasons, the Court DENIES Noel's petition.

### I. Procedural Background

On September 30, 2002, following a jury trial, the Circuit Court of Cook County, Illinois convicted Petitioner Noel of first degree murder and sentenced him to sixty years in prison. Witnesses at Noel's trial testified that he shot and killed Mason Townsend at Townsend's house as he stole a pit bull from Townsend. During the trial, the court allowed the prosecution to elicit testimony from an acquaintance of Noel's named Irving Sullivan that Sullivan had purchased a gun and given it to Noel the day before the murder. The court also allowed the prosecution to elicit testimony from a man named David Williams that Noel shot Williams fourteen months before Townsend's murder during a confrontation over a pit bull that Noel stole from Williams. The court allowed Williams's testimony to be offered only for the purposes of proving motive and identity. During his testimony, Williams displayed a scar on his hand to the jury and stated that he was "scarred for life" as a result of the shooting. The prosecution also introduced a coat

1

worn by Williams the day of the shooting into evidence in order to show the bullet holes in the coat.

On direct appeal, Noel challenged the admission of the testimony by Sullivan and Williams. He argued first that the firearm he obtained from Sullivan was not sufficiently connected to the shooting of Townsend. Second, he contended that the prosecution failed to link the evidence of the actions Noel took toward Williams to the murder case, and that the evidence admitted concerning those crimes exceeded what was necessary to show motive. Noel claimed that as a result of these errors, he was denied his right to a fair trial. The state appellate court affirmed his conviction, and the Illinois Supreme Court denied his petition for leave to appeal (PLA).

Noel also filed a petition for post-conviction relief in state court. Noel raised additional issues in his petition that he had not raised on direct appeal. However, he has not raised those additional issues in the instant petition. The state trial court denied the petition, and the state appellate court affirmed that decision. Noel did not file a PLA in the Illinois Supreme Court in the state collateral proceedings.

Noel next filed the instant petition for a federal writ of habeas corpus, asking the Court to set aside his conviction and remand to state court for a new trial on the basis of the same trial errors mentioned in his initial appeal. He points to four specific grounds for his petition, all based on the evidence obtained through Sullivan and Williams. First, he argues that the trial court erred by allowing the prosecution to introduce evidence that Noel shot Williams. Second, he takes issue with the court's decision to allow Williams to testify about surgery on his hand that resulted from the shooting, and to testify that he was "scarred for life." Third, he claims it was improper for Williams to display his coat to the jury and to demonstrate that it contained

2

five bullet holes he claimed resulted from the shooting. Finally, he challenges the court's decision to allow Sullivan to testify about the weapon he purchased and gave to Noel on the grounds that it was not connected to the crime charged.

## II. Cognizable claims

Respondent Hulick first contends that Noel has failed to present any claim that is cognizable on federal habeas review because all of his claims are based solely on arguments about whether evidence offered at his trial was admissible under state law. In order for a claim to be cognizable, it must present a federal issue. *Perruquet v. Bailey*, 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Thus, respondent is correct that "errors of state law in and of themselves are not cognizable on habeas review." *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). However, if a state court's error in applying state law deprives a petitioner of a right under federal law, such as the petitioner's Fourteenth Amendment due process right to a fundamentally fair trial, the petitioner may have a cognizable claim. *Id.* at 511-12.

In *Perruquet*, the Seventh Circuit reversed a district court's decision that a petitioner failed to present any cognizable claim for habeas relief. *Id.* at 512. The state court had denied the petitioner the opportunity to present a claim of self defense and to admit certain evidence regarding that claim. *Id.* at 511. The district court held that while the habeas petition mentioned petitioner's Fourteenth Amendment right, it did not establish how these alleged errors in applying state law were so grave as to deprive him of that right. *Id.* at 511-12. The appellate court disagreed, holding that while these rulings concerned state legal matters that were normally beyond the reach of federal habeas law, the petition drew "enough of a connection between

3

[petitioner's] right to due process and the trial court's (alleged) evidentiary and instructional errors to render his claim cognizable on habeas review." *Id.* at 512.

The Court must determine whether Noel has drawn a similar connection. The *Perruquet* court found a sufficient connection because the petitioner cited to his Fourteenth Amendment right, articulated the theory of self-defense that he wished to pursue, described the evidence that supported his theory, and argued that his inability to pursue the theory likely resulted in the conviction of an innocent person. *Id.* The court also construed the petition liberally because the petitioner was without counsel. *Id.* Here, the Court gives Noel the same benefit as he is also *pro se*. Noel has articulated why he thought it was inappropriate for the trial court to admit the evidence concerning the previous shooting and the gun. He has pointed to specific evidence that he believes to be especially damaging. However, he has not cited to his Fourteenth Amendment right to a fundamentally fair trial, and he has not argued that the admission of this evidence likely resulted in the conviction of an innocent person. Thus, he has not drawn as strong of a connection as the petitioner in *Perruquet*.

However, in Noel's direct appeal, he did frequently refer to his right to a fair trial when addressing the same errors as he raises here, and he did summarize those arguments as part of the instant petition. The Court will therefore consider Respondent's second argument for denial of Noel's petition, as the inquiry involved in resolving that issue is closely related to the first.

### III. Procedural default

Before seeking federal habeas relief, a petitioner must give the State an "opportunity to pass upon and correct" violations of a petitioner's federal rights by "fairly presenting" claims of these violations in each appropriate state court, including the state supreme court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (internal citations

4

omitted); *see also Duncan v. Henry*, 513 U.S. 364, 366, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (applying fair presentment doctrine to a claim that evidentiary ruling in state court trial violated petitioner's Fourteenth Amendment due process right). In other words, the petitioner must articulate his or her claims "in such a way that a judge could grasp both [their] substance and [their] foundation in federal law," not merely provide materials that support them. *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006) (citing *Baldwin*, 541 U.S. at 30, 124 S. Ct. at 1350). If Noel failed to do this, then his claims are procedurally defaulted. *Id.* Thus, the question of whether Noel's claims are cognizable, and the question of whether they have been procedurally defaulted turn on essentially the same inquiry: has Noel drawn enough of a connection between the trial errors he alleges and a violation of his federal rights?

The Seventh Circuit has considered four factors to determine whether a petitioner fairly presented his claim to the state court:

> (1) whether the petitioner relied on federal cases that engage in constitutional analysis;
> (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts;
> (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and
> (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Harding v. Sternes*, 380 F.3d 1034, 1046-47 (7th Cir. 2004) (quoting *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001). Noel clearly failed to meet either of the first two factors, as his briefs on direct appeal only referenced state court case law applying state law. *Harding* provides guidance with regard to the third factor. As noted above, the only arguable connection Noel drew between his claim and federal law during his direct appeal was his repeated claim that he was denied a fair trial. The petitioner in *Harding* made the same indirect reference. *Id.* at 1047. The *Harding* court determined that petitioner's "passing reference to his right to present

evidence and his right to a 'fair trial'" was not sufficient to meet the fair presentment requirement. *Id.* Thus, Noel has also failed to meet this third factor. Finally, as noted above, trial errors such as these generally do not involve constitutional issues. Thus, the Court holds that petitioner has not alleged a pattern of facts that is well within the mainstream of constitutional litigation.

Noel therefore failed to draw a significant connection between the trial court's errors and a violation of his federal rights at any point during the direct appeal process or in the instant petition. As a result, the Court need not resolve the question of whether issues raised in the state appellate briefs could be taken into account in determining whether claims regarding trial errors are cognizable. Noel's claims are not cognizable, and even if they were, he has not preserved them for review by this court.

## CONCLUSION

For the above reasons, the Court DENIES Noel's petition for a writ of habeas corpus.

IT IS SO ORDERED.

10/5/09
Dated

Hon. William J. Hibbler
United States District Court